PER CURIAM.
R.A. (father) appeals the final order entered by the trial court terminating his parental rights to his twin children, J.A. and E.A., born on July 31, 2002. We affirm.
The trial court terminated the father’s parental rights on the basis that the parent-child relationship threatens the life, safety, well-being, or health of the children, and on the basis of the father’s egregious conduct.[1] The father challenges -the court’s ruling, arguing first that the trial court erred in terminating his parental rights based upon a finding of “egregious conduct” because the Department of Children and Families (DCF) never alleged egregious conduct as a basis for termination in any of the pleadings. DCF properly responds by conceding error on this issue and, therefore, we strike the portions of the termination order which cite to the issue of egregious conduct.
The father also argues that the trial court erred in terminating his parental rights on the basis that the parent-child relationship threatens the well-being of the children. Our review of the record reveals that sufficient evidence was presented during the termination hearing to support the trial court’s decision that termination was warranted in this case. As such, the court’s ruling is affirmed.
Accordingly, the trial court’s termination order is affirmed in all aspects, except that portion finding clear and convincing evidence of egregious conduct pursuant to section 39.806(1)(f), Florida Statutes is stricken, in that such conduct was not alleged in the petition for termination. See R.C. v. Dep’t of Children & Families, 867 So.2d 580 (Fla. 1st DCA 2004)(holding that portion of trial court’s termination order finding clear and convincing evidence of egregious must be stricken because such *1273 conduct was not alleged in the petition for termination).
AFFIRMED, as modified.
PLEUS, PALMER and ORFINGER, JJ., concur.

. See § 39.806(1)(c) & (f), Fla. Stat. (2001).